STEAGALL, Justice
(dissenting).
Alabama courts have long held that individual voir dire examination of prospective jurors is not mandatory, even in a capital case, but, rather, that the decision to allow a request for individual voir dire lies within the sound discretion of the trial court. Whisenhant v. State, 555 So.2d 219 (Ala.Cr.App.1988), affirmed, Ex parte Whisenhant, 555 So.2d 235 (Ala.1989), cert. denied, — U.S. -, 110 S.Ct. 3230, 110 L.Ed.2d 676 (1990); Hallford v. State, 548 So.2d 526 (Ala.Cr.App.1988), affirmed, Ex parte Hallford, 548 So.2d 547 (Ala.1989), cert. denied, — U.S. -, 110 S.Ct. 354, 107 L.Ed.2d 342 (1989); Bell v. State, 475 So.2d 601 (Ala.Cr.App.1984), affirmed, 475 So.2d 609 (Ala.1985), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985).
During its voir dire examination, the trial court had the opportunity on three occasions to observe the members of the venire and to consider their responses to the voir dire questions. Because the trial court was in a better position to understand and evaluate the events that took place during voir dire examination, I believe that court •should be allowed to decide whether individual voir dire examination was required. In my opinion, the trial court did not abuse its discretion in denying the request for individual voir dire examination in this case. Hallford, supra.
Therefore, I respectfully dissent from the order quashing the writ. I would review this case and reverse the Court of Criminal Appeals’ holding requiring individual voir dire examination of jurors.
HOUSTON, J., concurs.